Opinion issued June 16,
2011



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00638-CR

————————————

AMJAD
ALI, Appellant

V.

The State of Texas,
Appellee



 



 

On Appeal from County
Criminal Court at Law No. 14

Harris
County, Texas



County Appellate Cause
No. 5557

 



 

 

MEMORANDUM OPINION

          Amjad Ali appeals a judgment
convicting him for speeding.[1]  Appellant pleaded not guilty.  The jury found Ali guilty and assessed his
punishment at a $100 fine.  Ali appealed
to a county court, which affirmed.  Neither
Ali nor the State has filed the reporter’s record or an appellate brief.  Because the fine does not exceed $100 and Ali
has not challenged the constitutionality of the statute, we dismiss for lack of
jurisdiction. 

Background

          One
afternoon, a police officer cited appellant for speeding at a rate of 76 miles
per hour on a section of Interstate 45 in Houston, Texas, where the maximum
lawful speed was 60 miles per hour.  After
a jury trial, the municipal court entered a judgment against Ali.[2]  He appealed to the county court, which
affirmed.[3]

          Ali
filed this appeal, stating:

Its [sic] true . . . that I don’t
have any substantial evidence to prove my case but there is one thing which is
a true evidence, which is the velocity detecting gun used by the officer at the
time of occurrence.  I request the
honorable court to let me watch myself the recorded video and the gun in front
of court.

 

Analysis

 

          An appellate court lacks jurisdiction over an appeal
if (1) the case has already been appealed from an inferior court to a county
court, (2) the fine does not exceed $100, and (3) the sole issue on appeal is
not the constitutionality of the statute or ordinance on which the conviction
is based.  Tex. Code Crim. Proc. Ann. art. 4.03 (West 2005).  Because the imposed fine does not exceed $100
and Ali has failed to show that the constitutionality of a statute or ordinance
is the sole issue on appeal, we dismiss this appeal for lack of
jurisdiction.  Resendez v. State, 738 S.W.2d 41, 42 (Tex. App.—Houston [1st Dist.] 1987, no
pet.).

Conclusion

          We
dismiss for lack of jurisdiction.

 

                                                                   

 

                                                                   Harvey
Brown

                                                                   Justice

 

Panel consists of
Justices Keyes, Higley, and Brown.

 

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           See Tex. Transp. Code
Ann. §§ 545.351 (West 1999), 545.352 (West Supp. 2010).

 





[2]           State v. Ali, No. 2009 TR 0100656
(Houston Mun. Ct. No. 12 Feb. 4, 2010).

 





[3]           Ali. v. State, No. 5557 (Co. Ct. at Law
No. 14, Harris County, Tex. June 17, 2010).